

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*Richard G. Shephard*          402 East State Street, Room 430          richard.shephard@usdoj.gov
*R. Joseph Gribko*             Trenton, New Jersey 08608              joseph.gribko@usdoj.gov

RGS/RJG/PL AGR
2025R00378

December 15, 2025

<u>**Via E-Mail**</u>

Tim Anderson, Esq.
225 Broad Street
Red Bank, New Jersey 07701

> **RECEIVED**
>
> FEB 0 3 2026
>
> AT 8:30_____M
> CLERK, U.S. DISTRICT COURT - DNJ

    Re:  <u>Plea Agreement with John Scipio</u>
        Criminal Number 26-29(GC)

Dear Mr. Anderson,

  This letter sets forth the plea agreement between your client, John Scipio ("SCIPIO"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **December 31, 2025**, if it is not accepted in writing by that date. If SCIPIO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from SCIPIO to a one-count Information, which charges SCIPIO with conspiracy to traffic firearms, in violation of 18 U.S.C. § 933(a)(3).

  If SCIPIO enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against SCIPIO for his involvement and commission of unlawful trafficking and dealing of firearms during March 2025 through August 2025.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against SCIPIO even if the applicable statute of limitations period for those charges expires after SCIPIO signs this agreement, and SCIPIO agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 933(a)(3) to which SCIPIO agrees to plead guilty carries a maximum sentence of 15 years' imprisonment, and a statutory maximum fine equal to the greater of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest. The prison sentence on Count One may run consecutively to any prison sentence SCIPIO is serving or is ordered to serve.

The sentence to be imposed upon SCIPIO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence SCIPIO ultimately will receive.

Further, in addition to imposing any other penalty on SCIPIO, the sentencing judge as part of the sentence:

(1) will order SCIPIO to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order SCIPIO to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c); and

(4) pursuant to 18 U.S.C. § 3583, may require SCIPIO to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should SCIPIO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SCIPIO may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of SCIPIO's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c), SCIPIO agrees to forfeit to the United States all right, title, and interest, if any, in the following items:

(1)    One Spikes Tactical multi-caliber Model AR-15 firearm, with a defaced serial number, seized on or about April 1, 2025;

(2)    One Xtreme Gun Worx multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about April 3, 2025;

(3)    Two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about April 10, 2025;

(4)    Four Xtreme Gun Worx multi-caliber Model X-15 firearms, each with a defaced serial number, seized on or about April 16, 2025;

(5)    Two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about May 1, 2025;

(6)    Three Xtreme Gun Worx multi-caliber Model X-15 firearms, each with a defaced serial number, seized on or about May 1, 2025;

(7)    Two DPMS Panther Arms multi-caliber Model DA-15 firearms, each with a defaced serial number, seized on or about May 13, 2025;

(8)    One Spikes Tactical multi-caliber Model ST-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(9)    One Xtreme Gun Worx multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(10)   One Aero Precision multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(11)   One Taurus Judge .45 caliber revolver, with a defaced serial number, seized on or about May 13, 2025;

(12)   One Smith and Wesson M&P 9mm semi-automatic pistol, with a defaced serial number, seized on or about May 13, 2025;

(13)   Two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about June 3, 2025;

(14)    Five DPMS Panther Arms multi-caliber Model DA-15 firearms, each with a defaced serial number, seized on or about June 12, 2025;

(15)    One Kel-Tec .32 caliber pistol, with a defaced serial number, seized on or about July 10, 2025;

(16)    One Taurus .38 caliber revolver, with a defaced serial number, seized on or about July 10, 2025;

(17)    Three Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about July 10, 2025;

(18)    One DPMS Panther Arms multi-caliber Model DA-15 firearm, with a defaced serial number, seized on or about July 10, 2025;

(19)    One Spikes Tactical Model multi-caliber Model ST-15 firearm, with a defaced serial number, seized on or about July 10, 2025;

(20)    Ten privately made firearms, each lacking a serial number, seized on or about August 7, 2025; and

(21)    Three Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about August 07, 2025

(collectively, the "Specific Property").

SCIPIO acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation charged in the Information.

SCIPIO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), SCIPIO consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. SCIPIO understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise SCIPIO of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. SCIPIO further understands that SCIPIO has no right to demand that any forfeiture of SCIPIO's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. SCIPIO waives all constitutional, statutory, and other challenges to the

forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

SCIPIO also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. SCIPIO agrees that SCIPIO will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent SCIPIO has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. SCIPIO further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

SCIPIO further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of SCIPIO's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

SCIPIO further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the items listed on Schedule B (collectively, the "Additional Property"). SCIPIO further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on SCIPIO by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of SCIPIO's activities and relevant conduct with respect to this case.

Stipulations

This Office and SCIPIO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are

not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and SCIPIO waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

SCIPIO understands that, if SCIPIO is not a citizen of the United States, SCIPIO's guilty plea to the charged offenses will likely result in SCIPIO being subject to immigration proceedings and removed from the United States by making SCIPIO deportable, excludable, or inadmissible, or ending SCIPIO's naturalization. SCIPIO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SCIPIO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause SCIPIO's removal from the United States. SCIPIO understands that SCIPIO is bound by this guilty plea regardless of any immigration consequences. Accordingly, SCIPIO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. SCIPIO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea,

conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SCIPIO. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude SCIPIO from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between SCIPIO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
United States Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel


*Richard G. Shephard*

By:    Richard G. Shephard
R. Joseph Gribko
Assistant United States Attorneys

APPROVED:

*Martha K. Nye*

Martha K. Nye
Attorney-in-Charge, Trenton Branch

I have received this letter from my attorney, Tim Anderson, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____         _12/19/2025_____
John Scipio                                Date



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____         _12/19/2025_____
Tim Anderson, Esq.                         Date
Counsel for Defendant

Plea Agreement With John Scipio

Schedule A

1.      This Office and John Scipio ("SCIPIO") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2025 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2K2.1.

4.      The parties agree that the base offense level is 20 because SCIPIO's offense involved a semi-automatic firearm that is capable of accepting a large capacity magazine,  SCIPIO's offense involved  a firearm that is described in 26 U.S.C. § 5845(a), and SCIPIO is convicted under 18 U.S.C. § 933. *See* U.S.S.G. § 2K2.1(a)(4)(B).

5.      Specific offense characteristic U.S.S.G. § 2K2.1(b)(1)(C) applies because the offense involved at least 25 but less than 100 firearms. This results in an increase of 6 levels.

6.      Specific offense characteristic U.S.S.G.  § 2K2.1(b)(4)(B)(i) applies because the offense involved a firearm that had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye. This results in an increase of 4 levels.

7.      The cumulative offense level determined from the application of U.S.S.G.  § 2K2.1(b)(1) through U.S.S.G.  § 2K2.1(b)(5) may not exceed level 29, except if U.S.S.G.  § 2K2.1(b)(3)(A) applies, *see* U.S.S.G.  § 2K2.1(b), an application which does not apply here.

8.      Specific offense characteristic U.S.S.G.  § 2K2.1(b)(6)(A) applies because SCIPIO is convicted under 18 U.S.C. § 933(a)(3). This results in an increase of 2 levels.

9.      Accordingly, the aggregate offense level is 31.

10.      As of the date of this letter, SCIPIO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if SCIPIO's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11.     As of the date of this letter, SCIPIO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in SCIPIO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) SCIPIO enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that SCIPIO's acceptance of responsibility has continued through the date of sentencing and SCIPIO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) SCIPIO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12.     Accordingly, the parties agree that the total Guidelines offense level applicable to SCIPIO is 28 (the "Total Offense Level").

13.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

14.     If the term of imprisonment does not exceed 97 months, and except as specified in the next paragraph below, SCIPIO will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 78 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

15.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Plea Agreement With John Scipio

Schedule B

1. On rifle magazine, seized on or about April 3, 2025;

2. Three rifle magazines, seized on or about April 10, 2025;

3. Eight rifle magazines, seized on or about April 16, 2025;

4. Five rifle magazines, seized on or about May 1, 2025;

5. Twelve rifle magazines, seized on or about May 13, 2025;

6. Two collapsible rifle stocks, seized on or about May 13, 2025;

7. Two pistol magazines, seized on or about May 13, 2025;

8. Four rifle magazines, seized on or about June 3, 2025;

9. Two rifle stocks, seized on or about June 12, 2025;

10. Five rifle magazines, seized on or about June 12, 2025;

11. Five rifle magazines, seized on or about July 10, 2025;

12. Twenty-four rifle magazines, seized on or about August 7, 2025;

13. Two extended round magazines, seized on or about August 7, 2025;

14. One Beretta Model 92FS 9mm handgun, bearing serial number BER847495, with magazine, seized on or about August 7, 2025;

15. Fifteen rounds of 9mm ammunition, seized on or about August 7, 2025.

16. One Aero Precision Model M4E1 5.56mm semi-automatic multi-caliber rifle, bearing serial number M4-0609937, with attached Sight mark optic and laser, seized on or about August 7, 2025;

17. One yellow Ryobi electric drill with bit, seized on or about August 7, 2025;

18. Seventy-eight thirty-round magazines, seized on or about August 7, 2025;

19. Assorted rounds of rifle ammunition, seized on or about August 7, 2025;

- 14 -

20. Three semi-automatic pistol magazines, seized on or about August 7, 2025;

21. One canvas bag containing a silver drill machine and various power tools, seized on or about August 7, 2025;

22. One sixty-round rifle magazine, seized on or about August 7, 2025;

23. One cardboard box containing metal shavings, seized on or about August 7, 2025; and

24. One cardboard box containing various drill bits, metal shavings, and tool parts, seized on or about August 7, 2025.