2025R00906/RGS/JNM/ar

RECEIVED

FEB 03 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Georgette Castner, U.S.D.J. |
| v. | : | Crim. No. 26-29 |
| JOHN SCIPIO, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF |
| Defendant. | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE |
| | : | DEFENDANT) |

WHEREAS, on or about February 3, 2026, defendant John Scipio pleaded guilty to an Information, which charged him with conspiracy to traffic firearms, in violation of 18 U.S.C. § 933(a)(3) ("Information");

WHEREAS, pursuant to 18 U.S.C. § 934(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States any firearm or ammunition involved in or used in the violation of the offense charged in the Information;

WHEREAS, pursuant to 18 U.S.C. § 934(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the defendant agreed to forfeit to the United States all of his right, title, and interest in the following:

(1)    one Spikes Tactical multi-caliber Model AR-15 firearm, with a defaced serial number, seized on or about April 1, 2025;

(2)    one Xtreme Gun Worx multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about April 3, 2025;

(3) two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about April 10, 2025;

(4) four Xtreme Gun Worx multi-caliber Model X-15 firearms, each with a defaced serial number, seized on or about April 16, 2025;

(5) two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about May 1, 2025;

(6) three Xtreme Gun Worx multi-caliber Model X-15 firearms, each with a defaced serial number, seized on or about May 1, 2025;

(7) two DPMS Panther Arms multi-caliber Model DA-15 firearms, each with a defaced serial number, seized on or about May 13, 2025;

(8) one Spikes Tactical multi-caliber Model ST-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(9) one Xtreme Gun Worx multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(10) one Aero Precision multi-caliber Model X-15 firearm, with a defaced serial number, seized on or about May 13, 2025;

(11) one Taurus Judge .45 caliber revolver, with a defaced serial number, seized on or about May 13, 2025;

(12) one Smith and Wesson M&P 9mm semi-automatic pistol, with a defaced serial number, seized on or about May 13, 2025;

(13) two Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about June 3, 2025;

(14) five DPMS Panther Arms multi-caliber Model DA-15 firearms, each with a defaced serial number, seized on or about June 12, 2025;

2

(15)   one Kel-Tec .32 caliber pistol, with a defaced serial number, seized on or about July 10, 2025;

(16)   one Taurus .38 caliber revolver, with a defaced serial number, seized on or about July 10, 2025;

(17)   three Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about July 10, 2025;

(18)   one DPMS Panther Arms multi-caliber Model DA-15 firearm, with a defaced serial number, seized on or about July 10, 2025;

(19)   one Spikes Tactical Model multi-caliber Model ST-15 firearm, with a defaced serial number, seized on or about July 10, 2025;

(20)   ten privately made firearms, each lacking a serial number, seized on or about August 7, 2025; and

(21)   three Anderson Manufacturing multi-caliber Model AM-15 firearms, each with a defaced serial number, seized on or about August 7, 2025,

(collectively, "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, the defendant:

(1)   consents to the forfeiture to the United States of the Specific Property as firearms or ammunition involved in or used in the commission of a knowing violation of 18 U.S.C. § 933(a)(3), as charged in the Information, to

3

which the defendant has pleaded guilty;

(2)    agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3)    agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4)    waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5)    acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6)    waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7)    agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment; and

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

4

(1)     As a result of the defendant's conviction of the offense charged in the Information, pursuant to 18 U.S.C. § 934(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n).

(2)     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

(3)     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

(4)     Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(5)     Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the

5

forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (a) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (b) shall be signed by the petitioner under penalty of perjury, and (c) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

(6)     Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

(7)     Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

(8)     Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property,

including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

(9)     This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 3rd day of February, 2026.

_____
Hon. Georgette Castner
United States District Judge


The undersigned hereby consent to
the entry and form of this order:

Todd Blanche
U.S. Deputy Attorney General

Philip Lamparello
Senior Counsel

_____
By: Richard G. Shephard
Assistant United States Attorney

Dated: 2/3/2026


_____
John Scipio, Defendant

Dated: 2/3/2026


_____
Timothy R. Anderson, Esq.
Attorney for John Scipio

Dated: 2/3/26

7